FILED
OCT 18 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, D.C. 20549-7553

           Plaintiff,

v.

BRANDMAKERS, INC., and
GARY F. LABROZZI,

           Defendants.

CASE NUMBER 1:05CV02038

JUDGE: John D. Bates

DECK TYPE: General Civil

DATE STAMP: 10/18/2005

## COMPLAINT

Plaintiff Securities and Exchange Commission (the "Commission"), for its Complaint against defendants Brandmakers, Inc. and Gary F. Labrozzi, states as follows:

### Summary

1. This is an action by the Commission involving the failure by public company Brandmakers, Inc. to file its required annual and periodic reports with the Commission, and by Brandmakers' president, Gary F. Labrozzi, who was the control person who caused Brandmakers to fail to make such filings with the Commission for almost three years, and aided and abetted its failures to make such filings. Labrozzi also failed to timely file, from November 2004 to August 2005, numerous required reports and schedules disclosing his respective purchases, sales, and holdings of the equity securities of Brandmakers amounting to thirty (30) percent of the company's ownership. The timely filing of the required reports and schedules is important to

shareholders and prospective shareholders of this public company because it: (i) provides material information useful to persons in making decisions to buy, sell, or hold those securities; (ii) publicizes insiders' securities transactions which may discourage unfair trading practices, and (iii) provides information necessary for the recovery of so-called "short-swing" profits pursuant to Section 16(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78p(b)].

2.   As a result of its failure to file its required periodic reports subsequent to March 31, 2003, Brandmakers, Inc. violated Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13], as well as a Commission cease-and-desist order issued September 27, 2001 that ordered Brandmakers not to, *inter alia*, violate Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rule 13a-13 thereunder [17 C.F.R. § 240.13a-13].

3.   As a result of his being a control person of Brandmakers, Inc. and/or a person who aided and abetted Brandmakers' violations pursuant to Exchange Act Section 20 [15 U.S.C. § 78t], Labrozzi is liable for Brandmakers' violations of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13].

4.   As a result of his failure to timely file required reports and schedules, and amendments thereto, with the Commission, Labrozzi violated Exchange Act Section 13(d) [15 U.S.C. §§ 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] and Exchange Act Section 16(a) [15 U.S.C. § 78p(a)] and Rules 16a-2 and 16a-3 thereunder [17 C.F.R. §§ 240.16a-2 and 240.16a-3].

5.   Because of the repeated nature of the violations, the Commission seeks to protect the investing public by obtaining permanent injunctions prohibiting future violations of these

provisions pursuant to Exchange Act Sections 21(d)(1) and Section 21(e) [15 U.S.C. § 78u(d)(1) and § 78u(e)], a civil penalty against Labrozzi pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], and post-judgment interest.

## DEFENDANTS

6. During all relevant times, defendant Brandmakers, Inc. was a Utah corporation located in Coconut Grove, Florida with common stock registered with the Commission under Exchange Act Section 12(g) [15 U.S.C. § 78l(g)]. On September 27, 2001, the Commission issued a cease-and-desist order to Brandmakers, finding that it had violated the antifraud and reporting provisions of the federal securities laws, and ordering it to cease and desist from future violations of Exchange Act Sections 10(b) and 13(a) [15 U.S.C. §§ 78j(b) and 78m(a)]. Brandmakers violated that cease-and-desist order because it is delinquent in its periodic filings, having last filed a periodic report for the period ending March 31, 2003. Brandmakers reported assets of $645,738, liabilities of $1,424,083, and a net loss of $199,170 for the nine months ending June 30, 2002. Since this last periodic report, Brandmakers claims that it became a shell company and has assets of $31,000. Brandmakers' common stock was quoted on the Pink Sheets as of February 7, 2005, and it is now quoted on the other over-the-counter markets.

7. Defendant Gary F. Labrozzi is a resident of Miami, Florida, and at all relevant times was the chairman, CEO and director of Brandmakers, and beneficially owned more than ten percent of the common stock of Brandmakers.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to Sections 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78(u)(d) and 78aa].

9. Venue properly lies in this Court pursuant to Section 27 of the Exchange Act [15

3

U.S.C. § 78aa] because certain of the acts or transactions constituting the violations of the Exchange Act by the Defendants occurred in this judicial district.

### Facts

**Section 13(a) Violations**

10. Brandmakers has failed to file any periodic reports since it filed a Form 10-QSB for the period ending March 31, 2003. Since that time, Brandmakers has failed to file two annual reports on Form 10-KSB and seven quarterly reports on Form 10-QSB.

**Section 13(d) Violations**

11. In October 2004, Defendant Labrozzi and two business partners decided that they would buy control of Brandmakers (the "Labrozzi Group"). Thereafter, the Labrozzi Group decided that once it had control over Brandmakers, they would appoint themselves as the sole officers and directors of Brandmakers, change Brandmakers' line of business, reorganize its capital structure via a reverse stock split, and enter into management agreements with the members of the Labrozzi Group that would greatly dilute the ownership interests of the existing Brandmakers shareholders.

12. Pursuant to this plan, Labrozzi and one member of the Labrozzi Group entered into a written agreement dated October 27, 2004 with the management of Brandmakers. The October 27, 2004 agreement gave Labrozzi and another member of the Labrozzi Group ownership of 60 percent of the company's issued and outstanding shares -- as well as control of Brandmakers. While the October 27, 2004 agreement vested both Labrozzi and the one member of the Labrozzi Group with thirty percent of Brandmakers' common stock and appointment as Brandmakers' officers and directors, the agreement did not alter the understanding between the members of the Labrozzi Group. Specifically, there was an oral agreement amongst the Labrozzi

Group that the third member of the group would be given Brandmakers stock and appointed as a director of Brandmakers in exchange for the funds necessary to carry out the plans the Labrozzi Group had for Brandmakers -- *i.e.*, the changing of the business plan and the implementation of a 1,000 for 1 reverse stock split.

13. Because of his position as an acquirer of more than five percent of the outstanding common stock of Brandmakers, Defendant Labrozzi was required to file a Schedule 13D within ten days after such acquisition, and amendments to Schedule 13D promptly if there is any material change to the information on Schedule 13D. Labrozzi failed to comply with this obligation because he filed no Schedules 13D.

14. Schedule 13D requires the disclosure of several items of material information to investors that Labrozzi should have reported. For example, Schedule 13D, Item 2 required Labrozzi to disclose that he acquired control of Brandmakers as a part of a group or partnership. Schedule 13D, Item 4 required Labrozzi to disclose the purposes of the transaction, including that it was done with the intention of then doing a 1,000 for 1 reverse stock split to dilute the holdings of short sellers in the stock and to control the float in the stock, to disclose that prior management would get an undisclosed amount of stock, to disclose that Labrozzi made a material change in Brandmakers' business, and to disclose that Labrozzi decided to make a material change in the company's dividend policy. Likewise, Schedule 13D, Item 6 required Labrozzi to disclose that there was an agreement that he and the other members of the new management of Brandmakers were to receive additional shares as compensation for their services.

15. Accordingly, Labrozzi's failure to file a Schedule 13D, coupled with Brandmakers' failure to make its filings via Forms 10-QSB and 8-K deprived the current and potential investors in Brandmakers of critical information about the company.

**Section 16(a) Violations**

16. Because of his position as a beneficial owner of more than ten percent of the outstanding common stock of Brandmakers, or as an officer and director of Brandmakers, Defendant Labrozzi was required to file Forms 3, 4, and 5:

(i) at the time of the registration of such a security on a national securities exchange pursuant to Section 12(b) of the Exchange Act [15 U.S.C. § 78(l)(b)], or by the effective date of a registration statement filed pursuant to Exchange Act Section 12(g), or within ten (10) days after becoming a more than ten percent beneficial owner, a statement on Form 3 [17 C.F.R. § 249.103] reporting initial ownership of such securities;

(ii) before the end of the second business day following the day on which a transaction was executed if there had been a change in beneficial ownership, a statement on Form 4 [17 C.F.R. § 249.104] reporting beneficial ownership at the date of filing and changes in ownership that had occurred since the most recent such filing; and

(iii) within forty-five (45) days of the issuer's year-end, a statement on Form 5 [17 C.F.R. § 249.105] reporting, among other things, all holdings and transactions that were not reported on Forms 3, 4 or 5 during the most recent fiscal year. Labrozzi failed to comply with these obligations because he filed no Forms 3, 4, or 5.

## FIRST CLAIM FOR RELIEF

**Violations by Brandmakers, Inc. and Gary F. Labrozzi of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 13a-13]**

17.   Paragraphs 1 through 16 are realleged and incorporated herein by reference.

18.   Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] is a cornerstone of the Exchange Act, establishing a system of periodically reporting invaluable information about issuers of securities. The purpose of the periodic reporting requirements is to publicly disclose current, accurate financial information about an issuer so that investors may make informed decisions. Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and the rules promulgated thereunder requires issuers of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l] to file periodic and other reports with the Commission. Exchange Act Rules 13a-1 and 13a-13 [17 C.F.R. §§ 240.13a-1 and 240.13a-13] require the submission of annual and quarterly reports, respectively. Likewise, Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rule 13a-11 thereunder [17 C.F.R. §§ 240.13a-11] require the prompt disclosure of material events, via Form 8-K, such as changes in management and the creation of material contracts. No showing of scienter, that is, mental state embracing intent to deceive, manipulate, or defraud, is necessary to establish a violation of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] or the regulations thereunder.

19.   Brandmakers' common stock is registered pursuant to Exchange Act Section 12(g) [15 U.S.C. § 78l(g)]. Brandmakers has not made any periodic filings with the Commission since the period ending March 31, 2003, and has therefore violated Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1 and 240.13a-13]. Brandmakers also failed to disclose, or failed to disclose in a timely manner, via

Form 8-K, the complete terms of the agreements and understandings entered into amongst the Labrozzi Group or between and amongst the Labrozzi Group and Brandmakers' former management.

20. Defendant Labrozzi is also liable for Brandmakers' violations of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1 and 240.13a-13]. Defendant Labrozzi, due to his positions as chairman and CEO of Brandmakers, was a person who controlled Brandmakers. Exchange Act Section 20 [15 U.S.C. § 78t]. Likewise, Defendant Labrozzi aided and abetted Brandmakers' violations. Labrozzi knew of Brandmakers' violations of Section 13(a) and the rules thereunder and gave substantial assistance to Brandmakers' violations.

## SECOND CLAIM FOR RELIEF

**Violations by Gary F. Labrozzi of Exchange Act Section 13(d) [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1 and 13d-2]**

21. Paragraphs 1 through 20 are realleged and incorporated herein by reference.

22. Exchange Act Section 13(d) [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] provide that any person who acquires, directly or indirectly, more than five percent of the outstanding equity securities of any company registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l] shall file within ten days after such acquisition, a Schedule 13D with the Commission and any exchange on which the company's equity securities are registered. Rule 13d-2 [17 C.F.R. § 240.13d-2] provides that amendments to Schedule 13D shall be promptly filed if there is any material change to the information on Schedule 13D.

23. As alleged above, Defendant Labrozzi failed to timely file Schedules 13D. Accordingly, Labrozzi violated Exchange Act Section 13(d) [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2].

### THIRD CLAIM FOR RELIEF

**Violations by Defendant Gary F. Labrozzi of Exchange Act Section 16(a) [15 U.S.C. § 78p(a)] and Rules 16a-2 and 16a-3 Thereunder [17 CFR §§ 240.16a-2 and 240.16a-3]**

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. Exchange Act Section 16(a) [15 U.S.C. § 78p(a)] and Rules 16a-2 and 16a-3 thereunder [17 C.F.R. §§ 240.16a-2 and 240.16a-3], as amended, require that every person who is directly or indirectly the beneficial owner of more than ten percent of any class of any equity security which is registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l], or who is a director or an officer of the issuer of such security, shall file:

(i) at the time of the registration of such a security on a national securities exchange pursuant to Exchange Act Section 12(b) [15 U.S.C. § 78l(b)], or by the effective date of a registration statement filed pursuant to Exchange Act Section 12(g) [15 U.S.C. § 78l(g)], or within ten (10) days after becoming a more than ten percent beneficial owner, a statement on Form 3 [17 C.F.R. § 249.103] reporting initial ownership of such securities;

(ii) before the end of the second business day following the day on which a transaction was executed if there has been a change in beneficial ownership, a statement on Form 4 [17 C.F.R. § 249.104] reporting beneficial ownership at the date of filing and changes in ownership that have occurred since the most recent such filing; and

(iii) within forty-five (45) days of the issuer's year-end, a statement on Form 5 [17 C.F.R. § 249.105] reporting, among other things, all holdings and transactions that were not

reported on Forms 3, 4 or 5 during the most recent fiscal year.

26. As alleged above, Defendant Labrozzi failed to timely file Forms 3, 4, and 5. Accordingly, Labrozzi violated Exchange Act Section 16(a) [15 U.S.C. § 78p(a)] and Rules 16a-2 and 16a-3 thereunder [17 C.F.R. §§ 240.16a-2 and 240.16a-3].

## **RELIEF REQUESTED**

WHEREFORE, the Commission respectfully requests that this Court:

### I.

Issue a judgment imposing permanent injunctions restraining and enjoining violations of the provisions of:

a. Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13], including failing to file such information and documents, including Forms 10-K, 10-KSB, 10-Q, 10-QSB, and 8-K, required by Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13] by Defendant Brandmakers, Inc.

b. Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13], including failing to file such information and documents, including Forms 10-K, 10-KSB, 10-Q, 10-QSB, and 8-K, required by Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13] by Defendant Labrozzi as a control person or as a person who aids and abets such violations pursuant to Exchange Act 20 [15 U.S.C. § 78t].

c. Exchange Act Section 13(d) [15 U.S.C. §§ 78m(d)], and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] by Defendant Labrozzi;

d. Exchange Act Section 16(a) [15 U.S.C. § 78p(a)], and Rules 16a-2 and 16a-3

thereunder [17 C.F.R. §§ 240.16a-2 and 240.16a-3] by Defendant Labrozzi;

**II.**

Order Defendant Labrozzi to pay civil money penalties pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)];

**III.**

Grant such other and further relief as the Court deems just and proper; and

**IV.**

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

Dated: October 18, 2005
Washington, D.C.

Respectfully submitted,

*/s/ Neil J. Welch, Jr.*

Michael K. Lowman (Bar No. 460190)
(202) 551-4477
LowmanM@sec.gov
Neil J. Welch, Jr. (Bar No. 376390)
(202) 551-4731
WelchN@sec.gov
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-7553

COUNSEL FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION