UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 2 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

BRANDMAKERS, INC., and
GARY F. LABROZZI,

        Defendants.

Civil Action No.:

05 2038

## FINAL JUDGMENT AS TO DEFENDANT GARY F. LABROZZI

The Securities and Exchange Commission ("the Commission") having filed a Complaint and Defendant Gary F. Labrozzi ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction) ("Consent"); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13] as a control person or as a person who aids and abets such violations pursuant to Exchange Act Section 20 [15 U.S.C. §

78t] by causing any issuer of a security registered pursuant to Exchange Act Section 12 to fail to file such information and documents, including Forms 10-K, 10-KSB, 10-Q, and 10-QSB, required by Exchange Act 13(a) [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.13a-13].

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Exchange Act Section 13(d) [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] by, after acquiring directly or indirectly, the beneficial ownership of more than five percent of any class of equity security registered pursuant to Exchange Act Section 12, failing to file within ten days with the Commission (and, if such security is registered on a national securities exchange, also with the exchange), and send to the issuer of such security by registered or certified mail at its principal executive office, a statement on Schedule 13D [17 C.F.R. § 240.13D-101] containing required information, and from failing to promptly file with the Commission and send to the issuer and the exchange an amendment containing any material change in the information set forth in the statement.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Exchange Act Section 16(a)

[15 U.S.C. § 78p(a)] and Rules 16a-2 and 16a-3 thereunder [17 C.F.R. §§ 240.16a-2 and 240.16a-3] by, as a direct or indirect beneficial owner of more than ten (10) percent of any class of any equity security (other than an exempted security) that is registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78*l*], or as an officer or director of an issuer of any such security, failing to file with the Commission (and, if such security is registered on a national securities exchange, also with the exchange), the following disclosures:

> (a) at the time of the registration of such a security on a national securities exchange, pursuant to Exchange Act Section 12(b) [15 U.S.C. § 78*l*(b)], or by the effective date of a registration statement filed pursuant to Exchange Act Section 12(g) [15 U.S.C. § 78*l*(g)], or within ten (10) days after he becomes such beneficial owner or director or officer, a statement on Form 3 [17 C.F.R. § 249.103], Initial Statement of Beneficial Ownership of Securities, of the amount of all equity securities of such issuer of which he is the beneficial owner; and
>
> (b) before the end of the second business day following the day on which a transaction was executed, if there has been a change in such ownership, a statement on Form 4 [17 C.F.R. § 249.104], Statement of Changes in Beneficial Ownership of Securities, disclosing his beneficial ownership at the date of filing and such changes in his ownership that have occurred since the most recent such filing; and
>
> (c) within forty-five (45) days of the issuer's year-end, a statement on Form 5 [17 C.F.R. § 249.105], Annual Statement of Beneficial Ownership of Securities, disclosing, among other things, all holdings and transactions that were not reported on Forms 3, 4 or 5 during the most recent fiscal year.
>
> The disclosures specified herein shall contain all the information prescribed under

Exchange Act Section 16(a) and the rules adopted thereunder, including Rules 16a-2 and 16a-3 [17 C.F.R. §§ 240.16a-2 and 240.16a-3].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $10,000 pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], together with post-judgment interest pursuant to 28 U.S.C. § 1961. Defendant shall pay the civil penalty amount in two (2) installments according to the following schedule: (1) $5,000 upon signing the Consent; and (2) $5,000, plus post-judgment interest, pursuant to 28 U.S.C. § 1961, within ninety (90) days of the entry of this Final Judgment. Defendant agrees that if the full amount of any payment described above is not made within ten (10) days following the date the payment is required by this Final Judgment, the entire amount of civil penalty, plus post-judgment interest minus payments made, if any, is due and payable immediately without further order of this Court. Payments shall be made by certified check, bank cashiers check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary F. Labrozzi as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the letter and any document constituting payment of the penalty amount shall be sent by First Class Mail to Neil J. Welch, Jr., U.S. Securities and Exchange Commission, 100 F Street, N.E., Washington D.C. 20549-7553.

4

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 26, 2005

_____
UNITED STATES DISTRICT JUDGE

5